991 F.2d 790
 1993 Copr.L.Dec. P 27,085
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy R. MCGOWAN, Plaintiff-Appellant,
v.
Mark J. CROSS; Cross, Clayton & Associates Defendants-Appellees.
Timothy R. McGowan, Plaintiff-Appellee,
v.
Mark J. Cross; Cross, Clayton & Associates Defendants-Appellants.
 Nos. 92-1480, 92-1584.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 8, 1993
Decided: April 22, 1993
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-91-1774-A)
 Timothy R. McGowan, Appellant Pro Se.
 Mark J. Cross, Clifton, Virginia; Cross, Clayton & Associates, Clifton, Virginia, Appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 In No. 92-1480, Timothy McGowan appeals the district court's decision awarding summary judgment to Defendants Mark Cross and Cross, Clayton & Associates in a copyright infringement action. In No. 92-1584, Defendants appeal the district court's denial of their motion for sanctions. We affirm the decision in each case.[1]
 
 I.
 
 2
 This lawsuit has its roots in a dispute between McGowan and his wife and Wendy and Edwin Allen over a parcel of land in Fairfax County, Virginia, which each couple thought it had purchased. The McGowans prevailed in state trial court. They purchased a copyrighted house plan, made twenty modifications to the plan, and began construction of a house on the land.
 
 
 3
 The Allens prevailed on appeal. Allen v. Lindstrom, 379 S.E.2d 450, 455 (Va. 1989). The property was conveyed to the Allens by court order on September 11, 1989. The Allens then completed construction of the house begun by the McGowans. Defendant Mark Cross, a landscape architect and relative of the Allens, assisted, using the McGowan plan on file with Fairfax County. Cross applied for and received a building permit based on the plan. On or before November 2, 1989, Cross made several copies of the plan in order to obtain required permits and to complete the dwelling. At that time, McGowan had not received a copyright on the modified plan, and there was no notice on file with Fairfax County that a copyright was claimed.
 
 
 4
 In May 1990 the Allens and the McGowans entered into a settlement agreement which provided that the Allens would pay the McGowans for the property, including improvements made on the property. The agreement contained a clause providing that the McGowans would not interfere in any way with the Allens' work on their house.
 
 
 5
 Following a series of letters to the Allens, McGowan filed this action, alleging copyright infringement by Cross and his firm. McGowan claimed that on January 8, 1990, he created and obtained a valid copyright for original works, his modifications to the original house plan. He asserted that the works were for his private use and enjoyment and were unpublished. He claimed that Cross had made twelve copies of the drawings and sought, among other things, royalties of $1,200,000.
 
 
 6
 Defendants moved for summary judgment. McGowan countered with his own motion. Following a hearing, the court noted that it was not convinced that the minor alterations to the original plan were entitled to copyright protection. However, the court rested its decision to grant Defendants' motion on the finding that the settlement agreement gave the Allens an implied, non-exclusive license to complete the house and for their agents to use the plans in accomplishing the task and that Defendants' use of the plans constituted a fair use. In No. 921480, McGowan appeals this decision. In No. 92-1584, Defendants appeal the denial of their motion for sanctions, costs, and attorney's fees.
 
 II.
 
 7
 We review the district court's award of summary judgment de novo. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir. 1987). Assuming without deciding that the copyright was entitled to protection under the copyright laws, we agree with the district court that the fair use doctrine entitled the Allens or their agent, Cross, to use the plan without violating the copyright laws.[2]
 
 
 8
 "Any individual may reproduce a copyrighted work for a 'fair use'; the copyright owner does not possess the exclusive right to such a use." Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 433 (1984). This principle is embodied in the Copyright Act: "the fair use of a copyrighted work ... is not an infringement of copyright." 17 U.S.C.A. § 107 (West Supp. 1992). This statute sets for the four factors to be considered when deciding whether a particular use constitutes a "fair" use:
 
 
 9
 (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit purposes;
 
 
 10
 (2) the nature of the copyrighted work;
 
 
 11
 (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
 
 
 12
 (4) the effect of the use upon the potential market for or value of the copyrighted work.
 
 
 13
 Id. These factors are not exclusive, but are"particularly relevant to the fair use questions." Maxtone-Graham v. Burtchaell, 803 F.2d 1253, 1260 (2d Cir. 1986), cert. denied, 55 U.S.L.W. 3776 (1987).
 
 
 14
 In this case, Cross did not intend the modified plan to be used for commercial purposes. Rather, Cross reproduced the plan solely so that the house could be completed. "The crux of the profit/non-profit distinction is ... whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 562 (1985).
 
 
 15
 With respect to the second factor, McGowan made twenty fairly insignificant changes to the original plan, including the substitution of materials and replacement of windows. This modified plan constituted "a work more of diligence than of originality or inventiveness," New York Times Co. v. Roxbury Data Interface, Inc., 434 F.Supp. 217, 221 (D.N.J. 1977), and therefore was more factual than creative in nature. The second factor thus weighs in favor of Cross. See 2 P. Goldstein, Copyright § 10.2.2.2 at 226 (1988). By contrast, the third factor weighs in favor of McGowan because the modified plan was copied in its entirety.
 
 
 16
 The fourth factor is "undoubtedly the single most important element of fair use," Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. at 566. "A use which does not materially impair the marketability of the copyrighted work will be deemed fair." N.A.D.A. Servs. Corp. v. Business Data of Va., Inc., 651 F.Supp. 44, 48 (E.D. Va. 1986). Typically, an adverse effect on market value is most clearly shown in cases where the plaintiffs and defendants compete or where the defendant's use is of a manner and type which the plaintiff has previously licensed. See 2 Goldstein Copyright § 10.2.2.4 at 233-34.
 
 
 17
 Neither factual situation is present in the subject case. The copying of the plan was for the sole purpose of completing the house. There has never been any suggestion of an attempt to compete with McGowan by marketing his plan.
 
 
 18
 We conclude that the statutory factors weight in favor of Defendants and that copying the modified house plan was a fair use of the plans under the copyright laws.
 
 III.
 
 19
 Defendants moved for imposition of sanctions, costs, and attorney's fees. They claimed entitlement under Fed. R. Civ. P. 11, 28 U.S.C. § 1927 (1988), the American Rule, and 17 U.S.C. § 505 (1988). The district court denied the motion with the following order:
 
 
 20
 The defendant's motion is DENIED, the court finding insufficient abuse on the part of the plaintiff so as to warrant imposition of Rule 11 sanctions; being unwilling in its discretion to award attorneys fees as part of costs pursuant to 17 U.S.C. § 505; and not being persuaded that costs were multiplied unreasonably and vexatiously as contemplated by 28 U.S.C. § 1927, or that there was sufficient evidence of bad faith so as to warrant otherwise an award of attorney's fees.
 
 
 21
 This Court reviews the district court's decision for an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990); Harris v. Emus Records Corp., 734 F.2d 1329 (9th Cir. 1984); Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).
 
 
 22
 We hold that the district court did not abuse its discretion in denying the sanctions request.
 
 IV.
 
 23
 Accordingly, we affirm the decision of the district court in both appeals. We dispense with oral argument because our review of the record and other materials before us reveals that argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 We note that Cross, Clayton & Associates is not represented by counsel on appeal. Mark Cross, who is proceeding pro se as a named party in both appeals, seeks also to represent Cross, Clayton & Associates in each appeal. Corporations and partnerships, as artificial entities, may not appear pro se but must instead appear through counsel. See Fed. R. App. 4(a); Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986)
 We accordingly grant McGowan's "Request to Take Notice" that Cross, Clayton & Associates is not represented by counsel on appeal, dismiss No. 92-1584 as to Cross, Clayton & Associates, and strike the brief of Cross, Clayton & Associates in No. 92-1480. This decision does not affect the right of Mark Cross to appear pro se in each appeal or on his own behalf.
 
 
 [2]
 Having resolved this issue in favor of Defendants, we do not discuss the alternative finding that Defendants possessed a nonexclusive license